## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TODD RAYNOR HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No:** CIV-15-746-M |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **(1) AVEDA TRANSPORTATION AND** | ) | |
| **ENERGY SERVICES, INC., FORMERLY** | ) | |
| **HODGES TRUCKING COMPANY, LLC,** | ) | |
| **(2) 77 ENERGY, An Oklahoma Based** | ) | **ATTORNEY LIEN CLAIMED** |
| **Corporation** | ) | |
| **(3) CHESAPEAK ENERGY, An Oklahoma** | ) | |
| **Based Corporation** | ) | |
| **(4) KEITH BARRET, Individually and as a** | ) | |
| **a supervisor with Hodges Trucking Company,** | ) | |
| **(5) BOB HAGGARD, Individually and as a** | ) | |
| **a supervisor with Hodges Trucking Company,** | ) | |
| **(6) DON JOHNSON, Individually and as the** | ) | |
| **Terminal Manager for Hodges Trucking** | ) | |
| **Company** | ) | |
| **(7) JESSICA ARCHER, Individually and as** | ) | |
| **Human Resource Manager for Hodges Trucking** | ) | |
| **Company.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

The Plaintiff, Todd Raynor Hall, a resident of Chickasha, Grady County, Oklahoma,

for his claims against the Defendants alleges and states as follows:

1.      That he was employed by the Defendants 1-3 above in Oklahoma County,

Oklahoma in the Western District of Oklahoma.

2.      The unlawful employment practices and discrimination alleged were

committed within Oklahoma County, Oklahoma.

3.      Plaintiff, Todd Raynor Hall, is an African American male, a citizen of the

United States, who is a resident of the City of Chickasha within the jurisdiction of this

Court.

4.      Defendants 1-3 were the employers of the Plaintiff within Oklahoma County, Oklahoma with the power and authority to make and enforce rules and regulations and to discipline and hire employees.

5.      Within 300 days of the occurrence of the acts of which this Complaint is based, charges of discrimination were filed with the Equal Employment Opportunity Commission by the Plaintiff herein.

6.      Plaintiff received his Right to Sue letter from the Oklahoma City Office of the Equal Employment Opportunity Commission, entitling him to institute a civil action in the appropriate forum within ninety (90) days of the date of receipt of said notice on his claims of race and age discrimination.  This action was initiated within the said ninety (90) days.  (See Exhibit "A", Right to Sue letter attached hereto).

## FIRST CAUSE OF ACTION

### DISCRIMINATION IN
### VIOLATION OF TITLE VII–HOSTILE ENVIRONMENT

7.      Plaintiff was hired by the Defendant on or about December, 2011.  During all relevant times of his employment, Plaintiff received satisfactory performance evaluations.

8.      Defendants have engaged or intentionally engaged in unlawful employment practices and policies in violation of 42 U.S.C. § 2000 et seq., 42 U.S.C. §§1981 and 1985. The discriminatory practices include, but are not limited to the following:

        A.      Refusing to hire Blacks on an equal basis with Whites;

        B.      Refusing to promote Blacks on an equal basis with Whites;

C.      Removing the Plaintiff, Todd Raynor Hall, based on him engaging in protected activity in violation of Title VII and the First Amendment.

D.      Maintaining policies and practices with respect to, but not limited to terms and conditions of employment which unlawfully operate to deny equal opportunity for employment opportunities to African Americans because of their race, and fostering pervasive and hostile working environments for African Americans.

9.      Plaintiff believes he was terminated from his position with the Defendants on or about February 2015.

10.      The effect of the policies and practices complained of in the above, has been to deprive African Americans, including Plaintiff, of equal opportunities and otherwise to affect adversely his status as an employee and the terms and conditions of his employment because of his race.

11.      Plaintiff, was racially harassed in a hostile and pervasive manner throughout his employment with the Defendants in a systematic and intentional manner.

12.      Plaintiff's supervisors, were Caucasian men, who treated the Plaintiff adversely because he was African American.

13.      Wayne Jackson, Plaintiff's trainer, showed him his KKK membership card during his training.

14.      Keith Barret and Bob Haggard, used racial epithets and curse words to try to incite Plaintiff into a physical altercations so that he could be terminated and/or to force Plaintiff to quit.

15.      Daryl Hart, told other employees to send a hangman's noose to Plaintiff.

16.      Plaintiff's complaints to Don Johnson, Terminal Manager, went unanswered or Plaintiff was told to he did not want to deal with it or Plaintiff told to get another job.

17.     Plaintiff's complaints to the Human Resource Manager, Jessica Archer, were ignored because she said she was not qualified to handle his complaints.

18.     Plaintiff was harassed, demeaned and subjected to his supervisor and co-workers participating in racial jokes, making racial epithets and using derogatory terms like "nigger stick", "nigger" among other racial epithets. Defendants failed to take prompt effective remedial action regarding the racial harassment the plaintiff was subjected to.

19.     The effect of the policies and practices complained of in the above, has been to deprive African American persons, including Plaintiff, of equal opportunities and otherwise to affect adversely his status as an employee and the terms and conditions of his employment because of his race.

20.     Further, Plaintiff has been deprived of income solely because of his race in the form of wages, tenure, and prospective retirement benefits, Social Security, Unemployment Compensation benefits, and other benefits due to him as an employee.

**SECOND CAUSE OF ACTION**

**DISCRIMINATION, CONSTRUCTIVE DISCHARGE AND RETALIATION**

**CONTRARY TO PUBLIC POLICY**

21.     Plaintiff adopts all prior allegations.

22.     The act and injury sustained by Plaintiff are due to the Defendants' continuing violations of Title VII of the Civil Rights Act of 1964, section 1981 and section 1985 as amended by subsequent enactments by engaging in racial discrimination and contrary to public policy of the State of Oklahoma.

23.     Plaintiff made numerous verbal complaints and eventually filed his EEO claim.  The response to Plaintiff's complaints from the corporate office of 77 Energy Corporation was to send Plaintiff home.  Plaintiff was not allowed to return to work.

24.     As a result of Plaintiff's complaints regarding his complaints and the company's discriminatory policies, he was retaliated against by his employer after he filed the charges of employment, by being sent home so that he was unable to perform the duties of his position, monies owed to him were withheld without adequate justification and he encountered a hostile environment when he attempted to determine the status of his employment and complaints.

## THIRD CAUSE OF ACTION

### DISCRIMINATION IN
### VIOLATION OF TITLE VII–PAY AND BENEFITS

25.     Plaintiff adopts all prior allegations.

26.     Plaintiff was required to work a minimum of a 70 hour work week and be on call 24 hours a day for less pay than his Caucasian co-workers and those with less experience.

27.     Plaintiff had his medical insurance benefits cut by his employer without justification for approximately two (2) years.  Plaintiff was the only employee to have this benefits affected in this way.

28.     The denial of Plaintiff's appropriate pay and benefits occurred after Plaintiff made complaints of discrimination to his employer.

29.     The effect of the policies and practices complained of has been to deprive the Plaintiff of equal opportunities and otherwise to affect adversely his status as an employee because of his race and because of his complaints about his supervisors and co-workers use of racial epithets and racially derogatory comments made to him and other African American employees.

30.     Further, Plaintiff has been deprived of future income, and commissions and because of his race, in the form of wages, promotions, prospective retirement benefits, Social Security, Unemployment Compensation benefits, and other benefits due to him as an employee.

## FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31.   Plaintiff adopts all prior allegations.

32.    Plaintiff has suffered great mental harm because Defendants intentionally inflicted emotional distress when they unlawfully subjected him to a racially hostile environment, retaliated against him for his complaints, and subjected him to unequal terms and conditions in his employment.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

33.     Plaintiff adopts all prior allegations.

34.     Plaintiff's injuries occurred due to Defendants' negligent practices, negligent supervision of managerial and/or supervisory employees and negligent enforcement of policies.

**WHEREFORE**, premises considered, the Plaintiff requests that this Court:

1.     That the Court issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained herein violated Plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964, section 1981 and section 1985.

2.     Grant the Plaintiff a permanent injunction enjoining the Defendant and all those acting in concert with them and at their direction, from engaging in any

employment policy or practice which discriminates against him or others on the basis of race.

3.      Order the Defendant to make whole the Plaintiff as he was adversely affected by the policies and practices described herein by providing appropriate back pay and reimbursement for lost pension, insurance premiums, with pre-judgment interest, and compensation for past and future pecuniary losses, Social Security, Unemployment Compensation, experience, training opportunities and other benefits in an amount to be shown at trial, and other affirmative relief as allowed by law including, but not limited to, reinstatement or reconsideration by the Defendants of the Plaintiff for re-employment and promotional opportunities including any out-of-pocket losses suffered by the Plaintiff because of the unlawful discrimination.

4.      Retain jurisdiction over this action to assure full compliance with the orders of this Court and will applicable law and require Defendants to file such reports as the Court deems necessary to evaluate such compliance.

5.      Demands judgment against Defendants in excess of $175,000.00 interest and costs including attorney fees.

6.      Grant general damages in excess of $175,000.00.

7.      Grant special punitive damages in the amount of $1 million dollars.

8.      Grant the Plaintiff, pre and post judgment interest, costs, and attorney fees in this action

9.      Grant additional relief as the Court deems just and proper.

Respectfully submitted,

s/Traci L. Rhone

_____

TRACI L. RHONE, OBA #19285
**Attorney for Plaintiff**
**RHONE & ASSOCIATES, L.L.C.**
**527 N.W. 23RD Street, Suite 200**
**Oklahoma City, OK  73103**
**Telephone:     405/602-5393**
**Facsimile:      405/602-5390**

**ATTORNEY'S LIEN CLAIMED**

**JURY TRIAL DEMANDED**